IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALICE WILLIAMS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 07-0015-WS-B |
| | ) |
| QUALITY FILTERS, INC., *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

This matter is before the Court on Defendants' Motion to Dismiss Complaint Pursuant to Fed.R.Civ.P. 12(b)(6) (doc. 10). Court-ordered briefing deadlines having expired, the Motion is ripe for disposition at this time.

**I.    Background.**

On January 4, 2007, plaintiff Alice Williams, proceeding *pro se*, filed a handwritten, six-page Complaint (doc. 1) against defendants Quality Filters, Inc. and Tina L. Miller. According to the Complaint, Williams is or was an employee of Quality Filters who was unable to work beginning on November 29, 2006 because of a medical procedure, with an anticipated return-to-work date of January 10, 2007. The Complaint centers on a letter sent to Williams by Miller (Quality Filters' human resources manager) on December 8, 2006, stating the company's position that Williams had been on a personal leave of absence and that Quality Filters would no longer hold her position for her after December 12, 2006. It is unclear from the Complaint whether Williams ever returned to work at Quality Filters in any capacity, or what if anything transpired after Miller's letter; however, Williams contends that Quality Filters has allowed certain white employees to take leaves of absence without losing their positions.

Based on these limited factual allegations, the Complaint identifies the following causes of action for "Discrimination and Un-Equal-Treat-Ment": (a) "42 U.S.C. 1983 Civil Action"; (b) "Reckless Endangerment 8th and 14th Amendment — violation"; and (c) "Discrimination, - indifference to serious medical need ... and blatant disregard for Human Rights." (Doc. 1, at 1.)

The Complaint reflects that Williams' theory of relief sounds solely in alleged constitutional violations. Indeed, she predicates federal jurisdiction exclusively on 42 U.S.C. § 1983. (Complaint, at 2.) She alleges that "[t]he equal protection clause secured by the United States Constitution prohibits racial — discrimination." (*Id.* at 5.) She states that "Discrimination and un-equal-treat-ment that is unjustified as is in this case is prohibitted [*sic*] by the U.S. Const. 14th Amendment and laws." (*Id.*) A fair reading of the Complaint does not reveal any causes of action other than claims under § 1983 for alleged violation of Williams' rights under the Eighth and Fourteenth Amendments.

Defendants have now filed a Motion to Dismiss (doc. 10), contending that the Complaint fails to state a claim upon which relief can be granted because, *inter alia*, § 1983 is inapplicable and Williams failed to exhaust administrative remedies with respect to any Title VII claim she may be pursuing. On October 23, 2007, the undersigned entered an Order (doc. 11) directing that any opposition to the Rule 12(b) Motion must be submitted on or before November 5, 2007. Williams did not acknowledge the October 23 Order and has failed to submit any opposition to the Motion to Dismiss. Courts are not obligated to read a party's mind or to construct arguments that it has failed to raise and that are not reasonably presented in the court file. *See Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it ...."); *see also Higgins v. New Balance Athletic Shoe, Inc.*, 194 F.3d 252, 260 (1st Cir. 1999) (declaring that a "party who aspires to oppose a ... motion must spell out his arguments squarely and distinctly, or else forever hold his peace," as district court may ignore arguments not adequately developed by nonmovant). Clearly, "the onus is upon the parties to formulate arguments." *Resolution Trust*, 43 F.3d at 599; *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.*, 124 F. Supp.2d 1228, 1236 (M.D. Ala. 2000) ("It is not for the court to manufacture arguments on Plaintiff's behalf."). Accordingly, plaintiff's decision not to respond to the Motion is at her peril.

II.     **Legal Standard.**

On a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must view the complaint in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). Thus, "when ruling on a defendant's motion to dismiss, a

judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, --- U.S. ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). The rules of pleading require only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2), Fed.R.Civ.P. While a complaint attacked by a Rule 12(b)(6) motion need not be buttressed by detailed factual allegations, the plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). The rules of pleading do "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974; *see also Financial Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007) (explaining that "factual allegations in a complaint must possess enough heft to set forth a plausible entitlement to relief") (citation omitted). The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson*, 127 S.Ct. at 2200 (quoting *Twombly*, 127 S.Ct. at 1964). Thus, the proper test is whether the Complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Financial Sec.*, 500 F.3d at 1282-83 (citation and internal quotations omitted).

   Williams appears herein without counsel. The law is clear that "[a] document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 127 S.Ct. at 2200; *see also Trawinski v. United Technologies*, 313 F.3d 1295, 1297 (11th Cir. 2002) (similar). That said, nothing in that leniency would excuse a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure.[1] Moreover, the leniency to which *pro se* litigants are entitled "does not give a court license to serve as *de facto* counsel for a party ... or to

---

[1] *See, e.g.,* Local Rule 83.9(b) ("All litigants proceeding *pro se* shall be bound by and comply with all local rules of this Court, and the Federal Rules of Civil and Criminal Procedure, unless otherwise excused from operation of the rules by court order."); *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded *pro se* litigants, we nevertheless have required them to conform to procedural rules."); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure").

rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." *Grigsby v. Thomas*, 506 F. Supp.2d 26, 28 (D.D.C. 2007). The Court's analysis of defendants' Motion to Dismiss proceeds in recognition of these principles.

**III. Analysis.**

The plain language of the Complaint reflects that Williams is suing Quality Filters and Miller under § 1983, alleging that defendants' failure to hold her position open was discriminatory, in violation of her Eighth and Fourteenth Amendment rights. Defendants correctly argue, however, that purely private conduct is not actionable under § 1983. To prevail on a § 1983 cause of action, a plaintiff must show that a wrongful act "(1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). The law is clear that "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263, 1277 (11th Cir. 2003) (citation omitted); *see also Crenshaw v. Lister*, 509 F. Supp.2d 1230, 1237 (M.D. Fla. 2007) (same); *Weaver v. James Bonding Co.*, 442 F. Supp.2d 1219, 1223 (S.D. Ala. 2006) (same). For a defendant's actions to be under color of state law, such conduct must be "fairly attributable to the State," which in turn requires that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Harvey*, 949 F.2d at 1130 (citation omitted).[2] "Only in rare circumstances can a private party be viewed as a 'State actor' for section 1983 purposes." *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (quoting *Harvey*, 949 F.2d at 1130); *see also Weaver*, 442 F. Supp.2d at 1223 (same).

---

[2] In addition to the "state actor" requirement, the "fairly attributable" test also requires a showing that the constitutional wrong is "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." *Patrick v. Floyd Medical Center*, 201 F.3d 1313, 1315 (11th Cir. 2000) (citation omitted). Defendants have not argued that this prong is not satisfied; therefore, the analysis in this case will focus on the "state actor" element.

A private employer such as Quality Filters can qualify as a "state actor" under § 1983 only if one of the following three tests is satisfied: (a) a "state compulsion test," wherein the state has coerced or significantly encouraged the violative conduct; (b) a "public function test," wherein private parties perform a public function that is traditionally the exclusive prerogative of the state; and (c) a "nexus/joint action test," wherein the state is in a position of interdependence with the private party, such that the state and private actor are essentially joint participants in an enterprise. *Rayburn*, 241 F.3d at 1347; *see also Weaver*, 442 F. Supp.2d at 1223; *Green v. Abony Bail Bond*, 316 F. Supp.2d 1254, 1259-60 (M.D. Fla. 2004). The "state actor" determination is made on a case-by-case basis. *See Focus*, 344 F.3d at 1277. Based on the well-pleaded allegations of the Complaint, there is no conceivable basis for finding that Quality Filters or Miller could qualify as "state actors" who might be subject to liability under § 1983. To the contrary, they were purely private actors making personnel decisions in a purely private workplace. There is no indication that the state coerced or encouraged defendants to act in the manner they did, that defendants were performing public functions that are traditionally the exclusive province of the state, or that the state was a joint participant with defendants in the conduct at issue. Thus, Williams' § 1983 causes of action fail to state claims upon which relief may be granted because they cannot satisfy the "state actor" requirement.

In their Motion to Dismiss, defendants argue that any claims Williams might be bringing under Title VII of the Civil Rights Act of 1964 or the Family and Medical Leave Act are also due to be dismissed. But the Complaint alleges neither Title VII nor FMLA causes of action. The Eleventh Circuit has cautioned that "the legal parameters of a given dispute are framed by the positions advanced by the adversaries, and may not be expanded *sua sponte* by the trial judge. ... A district court may not infer claims other than those that plainly appear on the face of the complaint ...." *GJR Investments*, 132 F.3d at 1369 (citations and internal quotation marks omitted); *see also Pinckney v. Ozmint*, 490 F. Supp.2d 670, 675 (D.S.C. 2007) ("a district court may not rewrite a petition to include claims that were never presented"); *Brice v. Jenkins*, 489 F. Supp.2d 538, 541 (E.D. Va. 2007) ("The Court is not required to conjure up questions never squarely presented in the complaint."); *Brown v. Department of Veterans Affairs*, 451 F. Supp.2d 273 (D. Mass. 2006) (courts will not formulate implied allegations to state an actionable claim on a *pro se* plaintiff's behalf); *Crump v. Bank of America*, 235 F.R.D. 113, 114 (D.D.C. 2006)

("Though a court will read a *pro se* plaintiff's complaint liberally, a *pro se* plaintiff retains the burden of presenting a claim upon which the court can grant relief."). The Court therefore declines to construct causes of action for Williams that she could have raised but did not.[3]

In response to defendants' arguments and authorities, Williams is silent. It is impossible to fathom whether she acquiesces to the foregoing analysis, much less whether she has devised any arguments or located any authorities to the contrary. To the extent that counterarguments might exist, it is not the function of this Court to make them for plaintiff, to do plaintiff's research for her, or otherwise to assume the role of advocate on her behalf, irrespective of her *pro se* status. *See, e.g., GJR Investments*, 132 F.3d at 1369 (cautioning district courts not to "serve as *de facto* counsel for a party" appearing without counsel); *Pinckney*, 490 F. Supp.2d at 675 (notwithstanding deference owed to *pro se* pleadings, "a court may not construct the plaintiff's legal arguments for him"); *Calia v. Werholtz*, 426 F. Supp.2d 1210, 1214 (D. Kan.

---

[3] Even if Williams had alleged Title VII and FMLA claims in the Complaint, dismissal would be appropriate at this time. With respect to Title VII, the law is clear that "[a] plaintiff may not sue under Title VII unless she first exhausts administrative remedies by filing a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC")." *Carter v. University of South Alabama Children's & Women's Hosp.*, 510 F. Supp.2d 596, 606 (S.D. Ala. 2007). In a non-deferral state such as Alabama, the deadline for filing is 180 days after the alleged discriminatory act. *See Ledbetter v. Goodyear Tire and Rubber Co.*, 421 F.3d 1169, 1178 (11th Cir. 2005) (because Alabama is a non-deferral state, only unlawful practices occurring within 180 days of the operative EEOC charge can give rise to Title VII liability). "If the victim of an employer's unlawful employment practice does not file a timely complaint, the unlawful practice ceases to have legal significance, and the employer is entitled to treat the unlawful practice as if it were lawful." *City of Hialeah, Fla. v. Rojas*, 311 F.3d 1096, 1102 (11th Cir. 2002). Here, there is no indication that Williams ever filed an EEOC charge, much less that she did so within 180 days after the alleged discrimination. As for the Family and Medical Leave Act, the Complaint is devoid of any allegations that might show Williams' eligibility for relief on that basis. *See, e.g., Walker v. Elmore County Bd. of Educ.*, 379 F.3d 1249, 1250 (11th Cir. 2004) (under FMLA, "[a]n eligible employee is an employee who has worked for the employer for twelve months and for at least 1,250 hours in the preceding year."). As such, any FMLA cause of action that Williams might intend to bring cannot proceed because it is too speculative and inadequately pleaded. *See Twombly*, 127 S.Ct. at 1965 (explaining that to survive a Rule 12(b)(6) motion a complaint must provide "more than labels and conclusions" and "must be enough to raise a right to relief above the speculative level"). Thus, even if the Complaint were properly construed as raising claims under Title VII and the FMLA, such causes of action cannot withstand Rule 12(b)(6) review.

2006) (stating that "court is not authorized to become the advocate for the *pro se* litigant," and "the court will not construct arguments or theories for the plaintiff"). Even if such an obligation were imposed on this Court, the undersigned has been unable to identify any viable theory by which Williams might maintain a § 1983 claim, a Title VII claim, or a FMLA claim predicated on her private employer's failure to hold her job open for a six-week period following a medical procedure, where there is no indication of state involvement, exhaustion of remedies, or FMLA eligibility. Therefore, the Motion to Dismiss is due to be granted pursuant to Rule 12(b)(6), Fed.R.Civ.P.

Having so determined, the question becomes whether the dismissal should take effect at this time or whether Williams should be given an opportunity to replead her claims. The law in this Circuit is clear that "[o]rdinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). Williams has not requested such an opportunity here. That omission would be fatal if she were represented by counsel. *See Wagner v. Daewoo Heavy Industries America Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."). However, the Eleventh Circuit has never announced whether the *Wagner* rule applies to claims brought by a *pro se* plaintiff, and the Court will assume for purposes of this Order that it does not.[4]

Even if *Wagner* does not apply and even if a *pro se* plaintiff is generally entitled to leave to amend her complaint *sua sponte*, leave to amend need not be provided where any amendment would be futile. *See, e.g., Sibley v. Lando*, 437 F.3d 1067, 1073 (11th Cir. 2005); *O'Halloran v. First Union Nat. Bank of Florida*, 350 F.3d 1197, 1206 (11th Cir. 2003). In this case, it is evident that any attempt by Williams to replead her Complaint would be futile because of the glaring legal defects identified above. Accordingly, the Court declines to grant Williams an opportunity,

---

[4] To the contrary, the *Wagner* court specifically declined to reach that issue. *See Wagner*, 314 F.3d at 542 n.1 ("In this opinion, we decide and intimate nothing about a party proceeding *pro se*.").

*sua sponte*, to amend her Complaint.[5]

**IV.     Conclusion.**

For all of the foregoing reasons, the Motion to Dismiss (doc. 10) is **granted**, and the Complaint is **dismissed without prejudice**.  A separate judgment will enter.

DONE and ORDERED this 27th day of November, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[5]     Besides, where, as here, a plaintiff's claims are dismissed without prejudice, any harm to plaintiff by virtue of not granting her leave to amend her complaint *sua sponte* prior to dismissal is attenuated.  *See, e.g., Bazrowx v. Scott,* 136 F.3d 1053, 1054-55 (5th Cir. 1998) (dismissal of *pro se* complaint without granting leave to amend was proper where dismissal was without prejudice); *Moawad v. Childs*, 673 F.2d 850, 851-52 (5th Cir. 1982) (dismissal of *pro se* plaintiff's deficient complaint should be without prejudice to allow leave to refile).